UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-267-MOC-DCK-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SALATHEO H. FLUID,** | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's "pro se Motion for Search Warrant," (Doc. No. 104), in which Defendant moves the court for an order "directing the clerk's office and sentencing attorney Mr. Norman Butler to provide [him] with a copy of the search warrant for 518 Belfast Dr. Gastonia, NC 28052."

The Court assumes that Defendant seeks a copy of the search warrant to assist with the filing of a motion to vacate under 28 U.S.C. § 2255. The motion is denied for several reasons. First, this Court's clerk's office does not possess a copy of the search warrant Defendant seeks. Next, to the extent that Defendant seeks an order from the Court requiring his defense counsel to provide him with a copy of a search warrant, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus, discovery is granted only for "good cause." Rule 6, Rules Governing § 2255 Proceedings. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Here, Petitioner has not yet filed a Section 2225 motion to vacate, and Petitioner's conclusory allegations fail to establish good cause for post-conviction

discovery.

Finally, the Court notes that Defendant pled guilty in this case. Therefore, to the extent that Defendant wishes to obtain the search warrant to challenge the search that led to the charges against him, he has waived that right by pleading guilty. See United States v. Castillo, 439 Fed.Appx. 195, 196 n.* (4th Cir. 2011) ("Because an unconditional guilty plea generally waives all antecedent, nonjurisdictional issues, ... [the defendant's] right to challenge on appeal a Fourth Amendment issue raised in a motion to suppress is waived by his unconditional guilty plea.").

**IT IS THEREFORE ORDERED** that Defendant's pro se "pro se Motion for Search Warrant," (Doc. No. 104), is **DENIED**.

Signed: September 16, 2021

Max O. Cogburn Jr.
United States District Judge